Nov. Term,
1848.

WHITCOMB
v.
STEWART.

*D. D. Pratt*, for the plaintiff.

*J. B. Niles*, *A. L. Osborn*, and *C. Dewcy*, Senr., for the defendant.

---

WHITCOMB *v.* STEWART.

When a plaintiff has discontinued his suit, and commenced another action for the same cause, he can use the depositions lawfully taken for the first suit, by making it appear that they were duly filed in the Court, where the first cause was pending, and had remained there on file from the time such suit was discontinued until the time it was proposed to use them in the other suit.

*Quære*, whether the certificate of the clerk, stating these facts, would be evidence thereof.

*Friday,
December 1.*

APPEAL from the *Vigo* Circuit Court.

PERKINS, J.—Assumpsit by *John R. Whitcomb* against *Hugh Stewart*, upon an account for goods sold, &c. Plea, the general issue; trial by jury; verdict for the defendant; motion for a new trial overruled; and judgment on the verdict.

The evidence is upon the record. It is contended that it does not justify the verdict; but the case is not so

clearly wrong upon this point as to authorize us to say the Court below erred in refusing to disturb the finding of the jury.

The next and main ground relied on for a reversal of the judgment of the Circuit Court, is the admission, in evidence, on the trial in that Court, of the deposition of one *George Stewart.* The circumstances connected with its admission are as follow: Prior to the spring term, 1842, of the *Vermillion* Circuit Court, the plaintiff in this suit instituted an action in that Court against *Stewart,* the defendant in this suit, and one *S. R. Uncles,* jointly, for the same cause of action upon which the present suit is founded. That action was continued from term to term till the fall term of said Court, 1843, when the plaintiff suffered a non-suit. These facts were agreed to by the parties, and having been made to appear to the Court on the trial of this cause, the defendant then read in evidence the following certificate of the clerk of the *Vermillion* Circuit Court:

"State of *Indiana, Vermillion* county, ss: I, *Alexander B. Flora,* clerk of the Circuit Court of said county, hereby certify that the accompanying deposition of *George Stewart* was taken by *Hugh Stewart,* and filed in this office, and is now on file amongst the papers in the case wherein *John R. Whitcomb* was plaintiff, and *Hugh Stewart* and *Stephen R. Uncles* were defendants, which cause was commenced on the 11th day of *March,* A. D. 1842, and dismissed by the said plaintiff, by being non-suited, at the *September* term, 1843, of the Circuit Court of said county:

"In testimony whereof, I have hereunto set my name, and affixed the seal of said Court, at *Newport,* this 18th day of *March,* in the year A. D. 1847.

"(Seal.)                    *Alexander B. Flora,* Clerk."

Without proof of any other facts, the defendant then offered to read said deposition of *Stewart,* to the jury trying the present cause. The plaintiff objected, because there was no proof, except the certificate of the officer taking the deposition, and that of said clerk of *Vermil-*

*lion* county, that said deposition was legally taken and duly filed in said *Vermillion* Circuit Court, "and that the same had remained on file up to the time of this trial; said deposition never having been filed in the *Vigo* Circuit Court, and being for the first time produced and shown to the Court after the plaintiff had closed his testimony in chief in this cause, but the Court overruled said objection," &c.

The manner in which the objections to the deposition are stated in the bill of exceptions, leaves it uncertain whether the decision of the Court was upon a question of fact or of law. The Court may, for aught that appears of record, have overruled those objections because the facts assumed as the grounds of them, did not exist; and in favor of their decision we should so presume; but the attorney for the defendant admits, in argument, in this Court, that the decision below was of law upon the facts, and that the facts existed as assumed. We shall treat the case accordingly. The following sections, pp. 723, 724, of the R. S., must determine the points in dispute:

"Section 286. Every deposition taken in accordance with the provisions of this article, and intended to be read in evidence, must be filed in the proper Court, at least one day before the time at which such cause in which such deposition is to be used, stands on the docket for trial; or, if filed afterwards, and claimed to be used on the trial, the adverse party shall be entitled to a continuance, at the costs of the party filing such deposition."

"Section 289. All objections to the validity of any deposition, or its admissibility in evidence, shall be made before entering on the trial, and not afterwards."

"Section 291. When a plaintiff shall become non-suited, or discontinue his suit, and shall commence another action for the same cause, all depositions lawfully taken for the first suit may be used in such other suit, and also in a suit founded on the same cause of action between either of such parties and the representatives of the other party; but it must appear that such depositions have been duly filed in the Court where the previous cause was

pending, and have remained on file from the time such suit was discontinued, or the plaintiff non-suited, until the time at which it is proposed to use them in such other suit."

No question has been made in this case as to whether the deposition taken in a suit between *Whitcomb* and *Stewart* and *Uncles*, can, under the foregoing provisions, be used in a suit between *Whitcomb* and *Stewart*, and we make none; nor does any inquiry here arise as to the right the plaintiff might have had to a continuance on account of the claiming by the defendant to use said deposition on the trial; but the question to be decided is, (admitting, which we only do for the saké of argument, that the clerk of the *Vermillion* Circuit Court had power to give the certificate read in evidence,) was it shown that said deposition had "been duly filed in the Court where the previous cause was pending," and that it had there "remained on file from the time such suit was discontinued until the time" when it was taken to be used on the trial of this suit? There was no evidence of these facts except the certificate of the *Vermillion* county clerk, Mr. *Flora*. That did not make either of these facts "appear." He certified that the deposition had been filed in his office, but he did not say when, and there does not appear to have been any indorsement of the filing upon the deposition. To have been duly filed "in the Court where the previous cause was pending," it should have been filed before the discontinuance of that cause. That clerk further certified, that the deposition was, at the date of his certificate, "on file among the papers" in the previous suit, but he did not say that it had "remained on file from the time such suit was discontinued." We think the deposition was erroneously admitted in evidence.

Whether the clerk's certificate, had it been sufficiently full, would have been evidence of the facts stated in it, depends upon the powers given him by statute. No provision of law has fallen under our notice empowering him to make such a certificate. The deposition in ques-

tion was not a paper forming a part of the record of the suit dismissed from the *Vermillion* Circuit Court.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. W. Barbour*, for the appellant.

*R. W. Thompson*, for the appellee.